ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re Subpoena* in )
)
HANSEL V. HIRSCH, )
)
v. )
)
NASATKA BARRIER, INC., *et al.*, )
c/o Camille Shora, Esq. )
Wilson Elser )
700 11th Street, NW, Suite 400 )
Washington, DC 20001 )
)
Defendants. )
_____ )

Case: 1:10-mc-00738
Assigned To : Roberts, Richard W.
Assign. Date : 11/29/2010
Description: Miscellaneous

## NOTICE OF REMOVAL OF SUBPOENA
## TO THE ARCHITECT OF THE CAPITOL

The United States Attorney, through the undersigned attorneys and on behalf of the

Architect of the Capitol, respectfully files this Notice of Removal of Subpoena pursuant to 28

U.S.C. §§ 1442(a)(1), 1446. In support of this Notice, the Architect of the Capitol states as

follows:

1.     By certified mail dated October 29, 2010, counsel for B&B ARMR Corporation

and Integrated Service Systems, Inc., served a subpoena *duces tecum* with a return date of

November 29, 2010, upon the Custodian of Records for the Architect of the Capitol, through the

Office of General Counsel.   The subpoena requests the appearance and testimony of the

Custodian of Records of the Architect of the Capitol at the Superior Court for the District of

Columbia in the matter of *Hansel V. Hirsch v. Nasatka Barrier, Inc. et al.*, Case No. 2010 CA

002810 B.  It is presumed that B&B ARMR Corporation and Integrated Service Systems, Inc.

seek testimony and information from the Custodian of Records pertaining to the Architect of the

Capitol that arose in the scope of employment or that the Custodian of Records may have learned about during the course and scope of such employment.

2.    Through the subpoena, B&B ARMR Corporation and Integrated Service Systems, Inc. also seek documents that contain information that may be protected from disclosure by 2 U.S.C. § 1979.

3.    A copy of the subpoena is attached hereto.

4.    The Architect of the Capitol, on its own behalf and on behalf of its Custodian of Records, intends to move to quash the subpoena upon the removal of this action based on applicable federal law, absent some mutually satisfactory arrangement to the contrary with counsel for B&B ARMR Corporation and Integrated Service Systems.

WHEREFORE, this action is properly removed from the Superior Court of the District of Columbia, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1), 1446. *See also Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996); *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-15 (D.C. Cir. 1995). The underlying civil case is not being removed and shall remain in the District of Columbia Superior Court.

Date:  November 29, 2010

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar #434122
Chief, Civil Division

By:   /s/ Michelle Lo
MICHELLE LO
Assistant United States Attorney
555 4th Street, N.W.

2

Washington, D.C. 20530
Tel: (202) 514-5134   Fax: (202) 514-8780
Michelle.Lo2@usdoj.gov

3

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

700 11th st., N.W., Suite 400, Washington, DC 20001
Tel: (202) 626-7660 Fax: (202) 628-3606

*New York• Los Angeles •San Francisco • Washington, DC •Newark • Philadelphia • Baltimore • Miami •Chicago • White Plains, NY*
*Dallas • Albany, NY •San Diego • Houston • Garden City, NY •Boston • McLean, VA •Stamford • London*
*Affiliate Offices: Paris • Berlin •Cologne • Frankfurt •Munich*

www.wemed.com

WRITER'S DIRECT DIAL (202) 626-7680
MARISSA.TRIPOLSKY@WILSONELSER.COM

October 29, 2010

**VIA CERTIFIED MAIL**
Custodian of Records
The Architect of the Capitol
441 2nd & D St., SW
Washington, DC 20515
Attn: Office of General Counsel

> **Re:    Hansel V. Hirsch v. Nasatka Barrier, Inc.**
> **Our File No. 09662.00062**

Dear Custodian of Records:

This firm represents B&B ARMR Corporation and Integrated Service Systems, Inc., in the above-referenced matter. Enclosed please find a Subpoena and Amended Notice of Records Deposition, requesting release of any and all of the records identified in the attached Exhibit A.

Please do not hesitate to contact me if you should require additional information in order to comply with this request. Thank you very much for your cooperation. Please send complete copies of all records to Marissa Tripolsky at Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 700 11th Street, Suite 400, Washington, D.C. 20001 as soon as possible. If payment is required for the requested items, please forward an invoice. Payment will be issued promptly. Thank you very much for your cooperation.

Very truly yours,

Marissa Tripolsky
Litigation Paralegal

cc:    Mark A. Schofield, Esq. (w/ Enclosures)
Wanda G. Caporaletti, Esq. (w/ Enclosures)

391413.1

# SUBPOENA

## *Superior Court of the District of Columbia*
### CIVIL DIVISION
500 Indiana Avenue, N.W. Room **JM-170**
Washington, D.C. 20001   Telephone (202) 879-1133

| HANSEL V. HIRSCH | |
|---|---|
| | Plaintiff |

**SUBPOENA IN A CIVIL CASE**

| NASATKA BARRIER, INC., ET AL. | |
|---|---|
| | Defendant |

**Case Number:** | 2010 CA 002810 B |

To:
> Custodian of Records
> The Architect of the Capitol
> 441 2nd & D St., SW
> Washington, DC 20515
> Attn: Office of General Counsel

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
| | | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Wilson Elser<br>700 11th Street, NW Suite 400,<br>Washington, DC 20001 | November 29, 2010 | 11:00 AM |

☑ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects** at the place, date, and time specified below (*list documents or objects*):

DOCUMENTS OR OBJECTS

| Please see attached Amended Notice of Records Deposition. |
|---|

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Wilson Elser<br>700 11th Street, NW Suite 400,<br>Washington, DC 20001 | November 29, 2010 | 11:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE | TIME |
|---|---|---|
| | | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each **person** designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

Attorney for Defendant  October 29, 2010

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER

Catherine A. Hanrahan, #441775
700 11th Street, N.W., Suite 400
Washington, D.C. 20001
Tel. (202) 626-7660

Camille E. Shora, #481281
8444 Westpark Drive, Suite 510
McLean, VA 22102
Tel. (703) 245-9300

Authorization is required by U.S. Code **§ 14-307** and **Brown v. U.S.** 567 A.2d 426 (D.C. 1989) is hereby given to issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

Judge to Whom Case is Assigned

## PROOF OF SERVICE

|  | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED |  |  |  |

SERVED ON (PRINT NAME) MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

SERVED BY (PRINT NAME)  TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on
Date  SIGNATURE OF SERVER

Address of Server

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Section C&D:

(c) Protection of Persons Subject to Subpoenas.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the Court shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;

     (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

     (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or,

     (iv)   subjects a person to undue burden.

  (B) If a subpoena

     (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

     (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

     (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect persons subject to or affected by the subpoena, quash or modify the subpoena or, if they party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d)  Duties in Responding to Subpoena.

  (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim.

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| HANSEL V. HIRSCH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 2010 CA 002810 B |
| | * | Judge Brooke Hedge |
| NASATKA BARRIER, INC., ET AL., | * | Next Event: Discovery Requests, |
| | * | Fact Witness List: 12/09/10 |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED NOTICE OF RECORDS DEPOSITION

Please take notice that counsel for Defendants B&B ARMR Corporation and Integrated Service Systems, Inc., Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, will take the deposition of the following individual on the time and date specified at the law offices of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, upon oral examination for the purposes of discovery and/or use as evidence in the above captioned case before a notary public or anyone duly authorized to administer oath in due form.

| **NAME** | **DATE** | **TIME** |
|---|---|---|
| **Custodian of Records** | November 29, 2010 | 11:00 AM |
| **The Architect of the Capitol** | | |
| **441 2nd & D St., SW** | | |
| **Washington, DC 20515** | | |
| **Attn: Office of General Counsel** | | |

The Custodian of Records for the Architect of the Capitol, is hereby notified to appear at the time and place specified and is requested to bring with him/her any and all of the records identified in Exhibit A, attached hereto.

As an **alternative** to a personal appearance at the deposition, this request may be satisfied by sending all requested documents to the law offices of WILSON, ELSER,

**MOSKOWITZ, EDELMAN, & DICKER, LLP, 700 11th Street, N.W., Suite 400, Washington, D.C. 20001, five days prior to the deposition.**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:

Catherine A. Hanrahan, #441775
700 11th Street, N.W., Suite 400
Washington, D.C. 20001
Tel. (202) 626-7660
Fax (202) 628-3606
Catherine.Hanrahan@wilsonelser.com

Camille E. Shora, #481281
8444 Westpark Drive, Suite 510
McLean, VA 22102
Tel. (703) 245-9300
Fax (703) 245-9301
Camille.Shora@wilsonelser.com

*Attorney for Defendants B&B ARMR Corporation and Integrated Security Systems, Inc.*

## DEFINITIONS AND INSTRUCTIONS

(a)     As used herein, the term "document" shall include the original, and any copy (regardless of origin), and all drafts of correspondence, memoranda, notes, reports, letters, diaries, minutes, telegrams, messages (including reports and notes of telephone conversations and conferences), books, accounts, tax returns, financial statements, check books, bank books and statements, contracts, studies, transcripts, tabulations, analyses, estimates, projections, work papers, summaries, opinions, calendars, appointment books, adding machine tapes, receipts, invoices, telephone bills, photographs, photostats, film, microfilms, sound recordings, tapes, data compilations, or any other written, recorded, transcribed, punched, taped, filed, or graphic matter, however produced or reproduced, in your custody, possession or control or that of your agents, representatives or employees including attorneys and accountants.

(b)     As used herein, a document "referring to, relating to, or concerning" a given subject matter means a document that constitutes, embodies, comprises, reflects, discusses, identifies, states, refers to, comments on, responds to, describes, analyzes, contains information concerning, or in any way pertinent to that subject matter, including, without limitation, documents concerning the presentation of other documents.

(c)     As used herein, a "communication" is a transmission or exchange of information, written or oral, formal or informal.

(d)     As used herein "person" shall mean individual sole proprietorships, partnerships, corporations, joint ventures and/or any combinations thereof in addition to natural persons.

(e)     The term "reflect," "refer" or "relate" shall mean constitutes, comprises, contains, consists of concerns, summarizes, discusses, describes, explains, set forth, proposes, shows, evidences, discloses, implies, or authorizes, directly or indirectly.

(f)     "Possession" means all documents in your actual or constructive possession, custody or control, or in the actual or constructive possession, custody, or control of your employees, representatives, or agents.

(g)     Where the terms "you," "your," "yourself," are used, they are meant to include the party to whom this Notice of Records Deposition is addressed, *to wit,* the Custodian of Records for the Architect of the Capitol, and all of his/her agents, investigators, engineers, officers, directors, subsidiaries, servants, employees, attorneys, partners, trustees, assigns, affiliates, guardians, representatives, advisors, bankers, financial analysts, accountants, and all other persons and/or entities purporting to act on his/her or his/her attorney's behalf. This also includes all other individuals, persons and entities that are no longer but were in one of these positions, capacities, statuses or relationships during the relevant time(s).

(h)     The term "B&B ARMR" shall refer to Defendant B&B ARMR Corporation and its servants, agents, or employees. The term "ISSI" shall refer to Defendant Integrated Security

Systems, Inc. and its servants, agents, or employees. The term "Nasatka" shall refer to Defendant Nasatka Barrier, Inc. and its servants, agents, or employees.

(i)    The term "barrier" shall refer to the barrier located at the intersection of New Jersey and D Street, which was being manned by Hansel V. Hirsch on April 26, 2007. The term "bar" shall refer to the safety bar/safety pole, for the barrier.

(j)    The term "incident" shall refer to the incident that occurred on April 26, 2007, around 17:00, whereby Hansel V. Hirsch suffered an injury to his hand while he was operating and/or using the barrier and bar at issue.

## DOCUMENTS TO BE PRODUCED:

1. All documents regarding the incident defined in Section (j) above involving Hansel V. Hirsch on April 26, 2007.

2. All documents regarding Nasatka Barrier, Inc. barriers model number NMSB III-d.

3. Any and all contracts, modifications thereto, supplements, addenda, exhibits, etc. you entered into with any entities (including but not limited to Nasatka) regarding the purchase, installation, manufacture, supply, delivery, test, and/or assembly of the barrier defined in Section (i) above

4. The employment records for Hansel V. Hirsch.

5. Any statements regarding the April 26, 2007 incident.

6. All of Hansel V. Hirsch's medical records in your possession regarding the April 26, 2007 incident.

7. All documents evidencing all communications regarding the barrier defined in Section (i) above, the incident, any investigation into the incident at issue, and all Nasatka barriers model number NMSB III-d.

8. All documents regarding the training you received regarding the use and operation of barriers such as the barrier at issue.

9. All documents regarding the training you provided to officers such as Hansel V. Hirsch regarding the use and operation of barriers such as the barrier at issue.

10. All documents regarding the installation of the barrier at issue.

11. All documents regarding the commissioning of the barrier at issue.

12. All documents regarding the safety bars for barriers such as the barrier at issue.

13. All documents evidencing any and all changes on any safety bars for any of the barriers installed around the U.S. Capitol after the April 26, 2007 incident, including documents evidencing communications with the entity that modified the bars.

14. All documents concerning any release, settlement or other agreement, formal or informal pursuant to which your liability for any injury or damage arising out of the incident has been limited, reduced or released in any manner.

15. All documents evidencing that you were apprised of any safety hazards, risks, or issues with the barrier and the bar involved in the incident and barriers or bars of the same model as the one involved in the incident, prior to April 26, 2007.

16. Any and all technical literature, product brochure, promotional literature, manual, instructions, or other document regarding the barrier and/or the bar at issue which you received.

17. All documents evidencing or relating to any warning, notice of non compliance, deficiency or violation, penalty, etc. assessed against you by any regulatory body or anyone else, in connection with the barrier and the bar involved in the incident and/or the same model as the one involved in the incident, and the steps you took to correct the warning, notice of non compliance, deficiency or violation, penalty, etc.

18. The provisions and sections of each governmental industry, regulation, standard, guideline, recommendation, accepted practice, or custom that you contend was applicable to the design, manufacture, installation, performance, testing, certification, or safety of the barrier and the bar at issue.

19. All documents evidencing complaints or incidents of which you are aware regarding the barrier and/or bar involved in the incident or barriers/bars that are the same model as the ones at issue.

20. All documents regarding or concerning any investigation you or anyone on your behalf conducted regarding the incident.

21. All photographs, videotapes or audiotapes, x-rays, diagrams, surveys or other graphic representations of information concerning the incident and the barrier and bar at issue.

22. Documents regarding any claims for medical benefits or disability pursuant to any federal or state compensation program for Hansel V. Hirsch.

23. All policies and procedures regarding the service and maintenance of the barriers placed around the U.S. Capitol, including the circumstances during which routine scheduled maintenance could not take place, for safety, security, or any other reason for years 2004-2007.

24. All documents evidencing the required height for safety bars, for any of the barriers placed around the U.S. Capitol.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Records Deposition was

mailed, first class, postage prepaid on this 29th day of October 2010 on:

> Mark A. Schofield, Esq.
> James W. Pressler, Esq.
> Patrick G. Senftle, Esq.
> Pressler & Senftle, P.C.
> Three McPherson Square
> 927 15th Street, N.W.
> 12th Floor
> Washington, D.C. 20005

> Wanda G. Caporaletti, Esq.
> Law Office of Anthony D. Dwyer
> 6011 University Boulevard, Suite 480
> Ellicott City, MD 21043

Catherine A. Hanrahan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November, 2010, service of the foregoing

Notice of Removal of Subpoena to the Architect of the Capitol has been made by U.S. and

electronic mail to:

Camille Shora, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
camille.shora@wilsonelser.com

/s/ Michelle Lo
Michelle Lo
Assistant United States Attorney